The next case this morning is 522-0144, Reaka v. Captain D's, LLC. Arguing for the appellant, Tyler Reaka, is Kevin Haslett. Arguing for the appellee, Captain D's, Inc., is Matthew Terry. This is a cross appeal, so it will follow a pattern of 15-15-5-5. Please, not only the clerk, is permitted to record these proceedings. Morning, gentlemen. Morning. Assuming that both of you are prepared and ready to start, we shall do so now. Yes, sir. Yes, sir. Whenever you're ready. Good morning. May it please the court, Mr. Terry, Kevin Haslett for the plaintiff. The purpose of filing a 19-G petition is to reduce the commission's final award to an enforceable judgment. In a 19-G setting, the trial court has two statutory prerequisites. First, that the commission's decision is final, and second, that no review proceedings are pending. In this case, the second requirement caused years of delays that prevented plaintiff from filing a 19-G petition. The trial court's review is limited to a determination of whether the section's requirements have been met. In Evans v. Corporate Services, the court held in a 19-G proceeding, the trial court exercises limited, special statutory jurisdiction designed to permit speedy entry of judgment on an award, and the requirements for the court's subject matter jurisdiction are strictly construed. In Franz v. McHenry College, section 19-G provides for a collateral proceeding designed for the entry of judgment, and a party should not be allowed to use it to re-litigate the commission's decision. In Dallas v. Amherst CIPS, court held the court cannot question the jurisdiction of the commission, question the legality of the commission's actions, review the commission's decision, or otherwise construe the act, even if the decision appears too large on its face. And in two cases, Foster v. Mitsubishi Motors, and I believe it's Koncad v. Johnson Outboards, court said, absent fraud or lack of jurisdiction, a party may not obtain review of the commission's award in the course of a section 19-G proceeding. It seems the case law is clear that the trial court defendant had no legal basis to raise any issue such as claim payment for a prior award as a defense. Each and every time, excuse me, each and every argument by defendant that it fully paid the April 2017 award is improper because it is contrary to the well-established law. Defendant cannot re-litigate the commission's decision or obtain review of the commission's award in a 19-G proceeding. Mr. Hazlett, I'm not an expert in workers' comp law, but let me ask you this. Are there two commission decisions or is there a one decision and then a superseding decision on April 4th, 2017? And does that matter? There is not a superseding decision. There was a commission decision in 2012, which applied only to the issue before the case at that time. The counsel has indicated in his brief that the 2017 commission decision superseded, I think he even used the word consumed the prior decision and that there cannot be two final decisions. Yes, there can. Happens all the time in workers' compensation hearings when there are bifurcated hearings. But to answer your question, there were two decisions, but one, the second one did not supersede the first one. And does that matter in the ultimate decision for this court? I'm sorry, in what sense? Whether there are two decisions or one decision, one supersedes the other. Does that matter for our purposes? It really doesn't, but there are two final decisions and they are both applicable and valid decisions. The first one, Mr. Rica retains all of his rights that were established in that decision. And he still maintains those for future medical, future rehabilitation, so forth. And the second commission decision stands on its own for the same reasons. So the 2011, just Vaughn, I don't mean to interrupt. It's fine. Continue your line of thought. No, go ahead. With regard to the 2011, 2012 decision that defendants claim that they paid, or it's not a claim, everyone agrees that that first decision was paid in full with regard to no appeal was taken. And that was a final order, as you point out. Correct. The 19G that you filed, that does not pertain to that portion of this case, correct? Correct, correct. So the only issue that we're worried about is the 2017 ruling and that whether or not, and we're not, let me rephrase that. Your position, if I understand it, is that we're not even interested in the 2017 decision simply whether or not that decision's compensation and what was ordered to be paid. Our only concern is whether it was paid. Is that correct? That's the, almost, that is the, for that decision, whether it was paid even becomes irrelevant because what is lost in a lot of this is the fact that the attempt to the appeal in 2017 was dismissed by the appellate court for lack of jurisdiction. Once it was dismissed, then the 2017 commission decision essentially is sacrosanct. I mean, it's etched in stone. And so there was a second award for the 50% of a leg, but we had plenty of time, plenty of opportunities to fix that problem. What you're saying is that that ruling in 2017, which you claim has an additional 50% for the loss of the leg, when it did not produce a successful appeal to the workers' compensation court, then it became a final order after the prescribed time elapsed. Yeah, so there were opportunity to fix the problem was the appeal in sections 19 F1 and F2 of the act to go up to the workers' compensation division of the appellate court. And when they dismissed the case for lack of jurisdiction, that ended that. So again, the decision that's 2017, as far as what the trial court, what the commission, I should say, ruled in that case is beyond the scope of what we're asked to review today. Is that correct? We're asked to review whether or not the defendant paid the amount ordered in that final holding or final ruling. That's what defendant is asking you to do. Our position is that they cannot ask for that because you cannot re-litigate or try to solve that question or answer that question because they failed to appeal that to the appellate court in 2017. So there's nothing the trial court can do in a 19-G that allows for it to re-litigate or reconsider the commission's decision, even if it's too large on its face. All right, I guess your answer confused me just a little bit. Please tell me in a succinct one, two sentence statement, what you believe our responsibility is in this case and what the trial court's responsibility, sole responsibility was in the 19-G hearing. The sole responsibility from the standpoint of the commission decision is to essentially leave it alone. It stands now on its own and we really should not be having this discussion about the 50% of a leg because it was a waived issue and is permanent. I think we're here today really for the part of the trial court denying our request for attorney fees, denying our request for 9% interest and denying our request to depose defendants prior counsel. The first part of it with regard to the 50% of a leg is a non-issue in my view. Okay, all right, continue. The, with regard to attorney fees, the authority for a petition for fees is found in section 19-G. The request for fees centers on defendants unlawful interlocutory appeal in 2015 and the appeal to the circuit court that was dismissed in 2017. These errors, which really have never been explained, prevented plaintiff from filing a 19-G petition for almost four years. And that's important for him from the standpoint of if those appeals would have been done properly, we could have filed a petition with a final decision from the commission probably back in 19, excuse me, 2016. And we're not allowed to file a 19-G petition until there is no petition for review pending. And these appeals prevented me from filing that petition on behalf of my client. In their briefs, defendants on the initial brief page 10 declares the first and defendant asserts only issue this court must determine in this appeal is the same. Whether defendant paid all compensation that was due and owing under the April 4, 2017 commission decision, our position is that's just wrong because you can't, the trial court has no authority to change that decision. It can only affirm the decision and that's it. It cannot go back to handle something that should have been handled under section 19, half one of the act from the appeal that they tried to file in April, 2017. Was there an award in that April, 2017 order that allowed for any kind of penalties or anything with regard to what you just brought up? The fact that there were appeals that were in your opinion frivolous and meant for delay, did the court find that to be the case and order any kind of- No, no, your honor. So how do we go back and re-litigate that in a 19G? The answer is 19G allows for attorney fees. And if the court- But doesn't it allow attorney's fees for amounts unpaid and any efforts that your client has to go through to get paid what was ordered in that 2017 order? No, I don't read it as that, your honor. It allows for attorney fees and costs. The 2017 commission decision, the facts of that case only go up to the date of arbitration in March, 2011. Our position is that everything that's happened since the date of arbitration is what really is at issue now. So the arbitration decision and the commission decision from 2017 only apply to the facts up to the date of arbitration in 2011. It seems like a long period of time for that, but that's what's happened here. I've never seen a case with facts like this where an interlocutory appeal was filed. It lasted 18 months and it was dismissed. The commission issued its remand decision according to Judge Lachine's order. And that took several more months. And then they did not properly file the appeal. I had to file the motion. That took another 19 months before the court ruled that it lacked jurisdiction to hear the case. But to your point, it only addresses issues up to the date of arbitration. Everything after that is still on the table, so to speak. The other point is that the defendant has repeatedly asserted throughout that there was a good faith disagreement as to the amount of payments owed. We have never believed that simply because we've always maintained that defendants failed to file the 2017 appeal precluded defendant from raising the issue and arguing that defense. Also for that assertion to be true, both parties would have to agree that the holdings that I just cited do not apply in a 19G setting. And obviously the case law does apply. The appellate court's dismissal of the 2017 appeal for lack of jurisdiction ended any defenses defendant had regarding the commission's award. Mr. Hazlett, I see that your time is up. Justice Vaughn, Justice Welch, do you have any- No questions. Any questions? No questions. Okay. Obviously you'll have five minutes in rebuttal here shortly. Mr. Terry. Good morning. May it please the court and counsel, I am Matt Terry and represent the defendant appellee cross-appellant Captain Deas in this matter. As you can see, and as you know, there are several issues in plaintiff's appeal and our cross appeal. I'm going to start with one of my issues and come back to counsel's issues and arguments. The first is this additional 50% of the left leg and Justice Barbera, you're exactly correct in your questioning too, Mr. Hazlett. It's our position that this is the first and only issue. And specifically that issue is whether my client paid all compensation that was due and owing under the April 4, 2017 commission decision. If this court ultimately determines my client did so, then every other issue before the court today is moot. Excuse me. Our motion to dismiss should be granted and the 19G petition dismissed. This issue is a de novo review because we're interpreting an interplay between several statutory sections. And I'll address this shortly, but this is possibly a case of first impression but I'll hit on that here in a second. To make this ultimate determination, the reason why I point out several sections of the Workers' Compensation Act in this is because I believe those are what the court must look at in order to determine the overall issue, whether my client paid what they were supposed to pay. Now, 19F1 is the section of the Work Comp Act that deals with the scope of an appeal from the Work Comp Commission to the circuit court. Interestingly, in the plain language of the act, the circuit court has the power to review all questions of law and fact presented by the record. So it's our position that all issues  were before the court. The second relevant provision is the 19F2. That's the provision of the Work Comp Act that says the circuit court can either award compensation and specifically state what that compensation is, or they can reverse and remand to the commission with instructions for what to do. That the second or the latter is what Judge Lechine did here. The third relevant provision to our position is 19G itself. That section of the act states the decision. It does not say a decision. It does not say decisions. Now, this is the section I believe possibly a case of first impression because we're dealing with two final awards. I know counsel had mentioned that this happens all the time. I'm not aware of it. What is common, which is a little nuance to work comp law, is there can be a 19B decision, emergency immediate hearing decision entered. That can be over a treatment issue, an MRI, so on and so forth. There can also be more than one 19B decision, and that's Beeson Boyd decision issue. There can also be a 19B decision and a final decision. I'm not aware of a case where there was actually two final decisions for one workers' compensation case. The fourth point regarding this issue is, I wanted to mention a case I came across during preparation today that I think the court would be interested in reviewing. It's called Gurnitz, G-U-R-N-I-T-Z, the LASITS Rowline Service, that's L-A- Has this case been cited in any of the briefs? No, no, your honor. It's under a key site under one of the cases cited by Mr. Hazlitt. I believe it's the Kanzik case. Are you requesting leave to cite additional authorities? I would make oral leave to make the reference to this case that I came across, and I can give you the site for that. And I believe, because I believe it's instructive on this issue, and I'll help the court determine this issue. And the reason why is the court says, if there is a quote, irreconcilable inconsistency on the face, end quote, of a decision, the court may attempt to determine and enforce what was awarded. And so the case site is 368 Elap 3rd, 1129, 859 North East 2nd, 1156, it's out of the third district. So I think that's also what we have. I mean, that case kind of brings, it's all the arguments that I have regarding the statutory sections of the War Compact, because that case just brings that together, because that's what we have here. We have this 2011 decision that dealt with the left leg, and then we have this 2017 decision, or 2012 decision. Then we have this 2017 decision that deals with everything to do with the neck, and then it mentions the left leg again. So that, I believe, helps interpret all the issues here regarding the 50% of the left leg. Now to address Mr. Haslitt's points, and this is kind of, this is also in our cross-appeal, the interest rate. The interest rate, as far as what rate applies, either the War Comp interest rate, 19N as in Nancy, or 1303 under the Civil Practice Act, that is, that standard of review is de novo, according to the Dobbs case, because of the interplay between several statutory sections. And so a couple of high points here. We believe 19N applies to anything that is unpaid for permanent partial disability and medical only. And my client paid all of the 2017 award, except for that additional 50% of the left leg. And then also my client paid that, went ahead and paid the additional 50% of the left leg in additional 19N interest before judgment was entered in February of 2022. But again, I believe this issue is moot if you determine my client paid everything that was owed. I'm sorry, does somebody have a question? I don't believe there's a question. Okay. And the second issue is tied in with this interest rate is the timeframe. Our position is the April 4, 2017 time that Judge Katz used in her order is correct for any interest. Again, we don't believe any additional interest is owed, but that is not against the manifest weight as far as the timeframe that she used. Then the next issue, this attorney fee issue, Justice Barberis, you're exactly right on this. This is another issue we don't even get to if there is any unpaid amounts under the 2017 decision. Again, there must be unpaid amounts in order to even proceed on 19G. And counsel's argument about what prior defense counsel did or didn't do, those attorney's fees and so on and so forth, that lied at each juncture of the prior appeals and everything that happened after 2017. This is also the standard of review under this issue is an abuse of discretion. And so our position, Judge Katz correctly denied attorney fees and did not abuse her discretion in doing so. The last issue, the penalties or sanctions issue, this again is moot. If you determine my client paid off compensation that was due and owing. The standard of review under this is also manifest weight and Judge Katz correctly denied any penalties or sanctions in both orders. And I'm not aware of any case that would support any requested penalties or sanctions. That is something that lied at each juncture after 2017. And finally, the deposing prior defense counsel, same position as the penalty sanction section, that's also a manifest weight. I believe Judge Katz correctly denied both of her orders. I'm not aware of any case to support doing so. And with all that being said, for these reasons and the additional reasons mentioned in my brief, I would respectfully ask this court to one, reverse and vacate Judge Katz's ruling that defendant owed the additional 50% of the left leg, reverse and vacate her ruling that defendant owed any additional interest, then affirm Judge Katz's rulings regarding attorney fees, penalties or sanctions, and the deposition of prior defense counsel. But I welcome any questions. This time that's all I have at this moment. Any questions of Justice Vaughn, Justice Weld? No questions. I take it from you saying that there are, contrary to Mr. Hazlitt's contention, that there are not two orders. I take it then that you believe there was only one order and that was the April 4th, 2017 order that superseded the 2012 one? Correct, because I'm not aware of any case that has two final orders. I know we're dealing with different body parts, as you can see in the facts, but. He's back. Okay, thank you. All right, Mr. Sherry, thank you. You'll have five minutes in rebuttal. I suppose that you have five minutes in rebuttal now to address Mr. Hazlitt's first argument, if you wish to use that, you may. And then Mr. Hazlitt will have five minutes in rebuttal to answer what you just presented. Yes, I kind of hit on the high points of our position and I also outline our position on any of those, you know, Mr. Hazlitt's positions on the additional, I kind of just chimed in my rebuttal as far as a couple of those issues in there. So I would stand on that in my brief on that. Okay, I thought that was the case, but I wanted to make sure that if you wanted that additional five minutes, you had six minutes left, so it was. Thank you, I appreciate it. Okay, Mr. Hazlitt, you have five minutes in rebuttal. Thank you. The point of one award or two awards is readily seen in workers' compensation cases. There are, and I've handled numerous cases where there are two final awards. It's because of bifurcated hearings, it's because of different injuries, it's because of many things, but you can have a final award, like in this case from 2012, from the arbitrator's decision, but there's still the appeal going on for the other part of the injuries from the accident. That's what was handled by Judge Lesheen and his reverse and remand order to the commission. And then they issued the decision accordingly. Let me ask you this, in the 2012 case, all of the body parts in question in this entire case were all brought in the first petition that was filed for arbitration, is that correct? Correct. And the commission essentially found that the client's left leg was injured and awarded something that was paid, correct? Correct. And then the case continued. There was not another case filed. There was not another case that was brought. It was that case then continued and you were able to get additional compensation for the neck spine, is that correct? That's correct. So I guess I'm confused as to, there was a final decision with regard to the leg, but not the rest of the relief sought. So it's not a final decision in the case. It seems like the leg issue was ruled on and everyone agreed. And the only thing left was to finish the case with the other body parts, if you will, which took much, much longer, obviously. So it's all one case and it took longer to get the neck and spine resolved. And when that was resolved, isn't that a final order in the case? Not if we don't parse it as a final order on the leg and then a final order on the neck spine, it's a final order in the case was 2017. Is that what you're saying? You're not saying what- In a way, the arbitrator's award, which was affirmed, the arbitrator's award awarded everything for the leg, no part of that was appealed, no part of that. The only appeal was my appeal of the arbitrator's denial of anything for the cervical spine. Right. That's the only thing, I'm sorry? So in other words, the case was brought seeking damages for multiple body parts. The arbitration award was given on part of that request, which was the leg, left leg. The parties didn't dispute the arbitrator's decision in that regard. And so paid it, but didn't pay anything further based on the fact that there was no award given for the spine and neck until much, much later in 2017. Once that award was given, how long did it take for Captain Deese to pay for the neck spine after the award was given for the neck spine? Over two years. Two years after that? Yes. Well, they attempted to appeal in April of 17 and the award, most of the award was paid in about the end of June, 2019. Okay. Okay. But the council had mentioned as far as what date controls the date of when the 19G controls as far as his argument is concerned. And he, I'm looking at my notes and he also mentioned the Gurnett's case. I did look at that case sometime ago. I'm not even sure that that is a 19G case. I think the argument in Gurnett's is the same thing and it should have happened in this case. There should have been an argument before the appellate court, workers' compensation division through section 19F1 of the act on the issue of the second award of 50% of the leg. But when that was dismissed, that ended it. There cannot be any more discussions regarding it. Any discussions regarding that, any requests or demands for that is a re-litigation of a commission decision that cannot be re-litigated. Okay. Mr. Hess, I see that your five minute rebuttal time is over. If there are any questions by the panel, Justice Welch, Justice Long? No questions. Okay. All right. Well, I thank you both for your time and your arguments. The court will take the matter into consideration and issue its ruling in due course. You both have a good rest of your day. Thank you.